UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET PADILLA,

      Plaintiff,

v.                                                                 Case No. 8:22-cv-916-MAP

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by (1) failing to consider the combination of Plaintiff's impairments, rendering the residual functional capacity (RFC) and hypothetical to the vocational expert (VE) unsupported; (2) finding that Plaintiff could return to her past work as a layout artist; and (3) failing to resolve conflicts between the VE testimony and the *Dictionary of Occupational Titles* (DOT) pursuant to Social Security Ruling (SSR) 00-4p. As the ALJ's decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

## I.     Background

Plaintiff, who was born in 1966, claimed disability beginning August 1, 2016 (Tr. 311, 328).  She was 50 years old on the alleged onset date.  Plaintiff obtained an eleventh-grade education, and her past relevant work experience included work as a layout artist (Tr. 37, 52, 397).  Plaintiff alleged disability due to a disorder of the foot, migraines, cold urticaria, right ankle pain, bilateral knee pain, bicipital tenosynovitis, osteoarthritis, complication of internal prosthetic device (ankle), high blood pressure, and scoliosis (Tr. 396).

Given her alleged disability, Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 311-12, 328-32).  The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 70-199, 202-17, 220-60).  Plaintiff then requested an administrative hearing (Tr. 218-19).  Per Plaintiff's request, the ALJ held a telephonic hearing at which Plaintiff appeared and testified (Tr. 32-56).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-31).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2023, and had not engaged in substantial gainful activity during the following periods: April 2018 to August 2018 and December 2018 (Tr. 17).  The ALJ also concluded that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity, so the remaining findings addressed the periods Plaintiff did not

engage in such activity (Tr. 18).   After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis, foot impairment (plantar fasciitis), ankle post-traumatic arthritis, back (spondylosis and scoliosis), shoulder impairment, migraine headaches, cold urticaria, and obesity (Tr. 18).   Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18).   The ALJ then found that Plaintiff retained the RFC to perform sedentary work with the following limitations: could never climb ladders, ropes, and scaffolds; could occasionally climb ramps and stairs as well as occasionally balance, stoop, kneel, crouch, and crawl; could frequently reach overhead on the left; must avoid all exposure to cold as well as avoid even moderate exposure to heat, excessive wetness, excessive humidity, and hazards; must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, and gases; and was limited to jobs that could be performed using a handheld device (cane) for prolonged ambulation (Tr. 19).   In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 20).

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), however, the ALJ determined that Plaintiff could perform her past relevant work as a layout artist (Tr. 22). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 22). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 307-08). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.     *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ

must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds

that the evidence preponderates against the Commissioner's decision.  *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

III.    *Discussion*

As indicated, Plaintiff's argument is threefold – that the ALJ erred by (1) failing to consider the combination of Plaintiff's impairments, including her migraine headaches, cluster headaches, and cold urticaria, thereby rendering the RFC and hypothetical to the VE unsupported; (2) finding that Plaintiff could return to her past work as a layout artist, since Plaintiff contends that her past relevant work was more appropriately classified as a design assistant, especially given the physical requirements, including walking and standing, which exceed the physical requirements set forth in the RFC; and (3) failing to resolve conflicts between the VE testimony and the DOT regarding the need to use an assistive device and being around cold.  Although Plaintiff sets forth several arguments in favor of remand, I will focus

upon the ALJ's consideration of Plaintiff's cold urticaria condition.  Since the ALJ

failed to properly consider Plaintiff's cold urticaria condition, remand is warranted.

Cold urticaria is a skin reaction to cold that appears within minutes after

exposure to cold and can lead to a wide array of symptoms ranging from minor to

severe, including the development of itchy welts (hives) on the affected skin.  Mayo

Clinic,   https://www.mayoclinic.org/diseases-conditions/cold-urticaria/symptoms-

causes/syc-20371046 (last visited July 25, 2023).  According to Plaintiff, when

exposed to cold temperatures, her cold urticaria caused her throat to close and "would

literally burn [her] skin into blisters" (Tr. 39).  Due to her condition, she would need

to keep the heat on high in her bedroom, she could not drink anything cold, she had

to carry around an epinephrine autoinjector in case her throat closed if she tried to go

to a restaurant, and she could not be around cold areas, including in the freezer section

of the supermarket (Tr. 39-40, 47).  Plaintiff stated that the condition got to the point

where it became harder for her to take a train to work, and, upon advice of her doctor,

she moved to Florida to live in a hot climate (Tr. 39).

In the decision, the ALJ concluded that Plaintiff's cold urticaria constituted a

severe impairment at step two (Tr. 18).  Subsequently, the ALJ repeated Plaintiff's

testimony that she must avoid exposure to cold and then briefly discussed Plaintiff's

cold urticaria condition, indicating that the condition was managed with medication,

Plaintiff was prescribed medication for associated laryngopharyngeal reflux, and

Plaintiff participated in speech therapy for associated aphonia and globus sensation

that occurred with her exposure to cold (Tr. 20, 21).  The records the ALJ cited in

support reflect that Plaintiff was initially prescribed cyproheptadine to treat her allergy symptoms related to cold urticaria in September 2019 but later, in September 2020, she was directed to continue Allegra daily, to take Benadryl for breakthrough itching and hives, to monitor for sedation and avoid medications if tired, to always carry two epinephrine autoinjectors and Benadryl to use for severe allergic reactions, and to limit her exposures to the cold (Tr. 800, 1354).  Plaintiff was advised of potential risks from cold urticaria, including anaphylaxis, with cold exposures and told to call 911 if a severe reaction occurred and to even wear a medic alert bracelet (Tr. 1354).  The records cited by the ALJ therefore do not indicate that Plaintiff's cold urticaria was managed with medication.

Further, during the administrative hearing, the ALJ posed three hypotheticals to the VE, incorporating the following limitation to account for Plaintiff's cold urticaria: "avoid all exposure to extreme cold" (Tr. 52-53).[2]  Yet, in setting for the RFC in the decision, the ALJ limited Plaintiff to avoiding "all exposure to cold" (Tr. 19).[3]

---

[2]  If the ALJ utilizes the testimony of a VE, the ALJ must pose an accurate hypothetical to the VE that accounts for all of the claimant's impairments. *Ingram*, 496 F.3d at 1270 (citation omitted).  When the ALJ properly rejects purported impairments or limitations, the ALJ need not include those findings in the hypothetical posed to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").  For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227.

[3]  At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.   *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945.  To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record

The Commissioner contends this was simply a scrivener's error that should be disregarded and rendered harmless (Doc. 28, at 10-12).  Avoidance of all exposure to cold differs from avoidance of all exposure to extreme cold, especially for someone experiencing cold urticaria.  While it may have been a scrivener's error, if it was not, and the ALJ meant to include a limitation to avoidance of all exposure to cold rather than just to extreme cold, the occupational base may be eroded to such an extent that no work may exist that Plaintiff can perform or at least not Plaintiff's past relevant work.  Given the limited review in this appeal, the questions of how Plaintiff's cold urticaria limits Plaintiff's ability to work and whether any jobs exist for an individual with such limitations are questions the ALJ and a VE need to answer.

Upon remand, the ALJ shall reconsider and discuss Plaintiff's cold urticaria, the limitations stemming therefrom, and the jobs available to an individual with such limitations.  In addition, to address Plaintiff's other points of contention, the ALJ shall fully address the evidence pertaining to Plaintiff's migraine headaches and cluster headaches.  The ALJ shall also address whether Plaintiff's past relevant work constituted that of a layout artist or design assistant.  In obtaining testimony regarding Plaintiff's ability to perform her past relevant work and other work, the ALJ shall ensure that any conflicts between the DOT and the VE's testimony are resolved.

---

and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each.  20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (*per curiam*) ("Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC"); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

*IV.     Conclusion*

For the foregoing reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence. Accordingly, after consideration, it is hereby

ORDERED:

1.      The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2.      The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of July, 2023.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of Record

10